UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIG TOLAN, | CIVIL ACTION |
| Plaintiffs, | |
| v. | COMPLAINT 1:19-cv-00641 |
| BMO HARRIS BANK, N.A. and EQUIFAX INFORMATION SERVICES, LLC | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

**NOW COME** Craig Tolan ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendants, BMO Harris Bank, N.A. ("BMO") and Equifax Information Services, LLC ("Equifax"), (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA pursuant to 15 U.S.C. §1681 et seq., 28 U.S.C. §§1331 and 1337, as this action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and all of the events or omissions giving rise to the claims occurred in this District.

### PARTIES

4. Plaintiff is a consumer and a natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

1

5. Defendant BMO Harris, N.A. maintains its principal place of business in Chicago, Illinois. BMO is a creditor, lender, debt collector, and servicer of mortgage loans across the country, including the State of Illinois. BMO is a furnisher of information to the major credit reporting agencies, including Equifax.

6. Defendant Equifax Information Services, LLC is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

### CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTE TO EQUIFAX

7. In or about May, 2004, Plaintiff applied for a car loan ("subject debt" or "subject loan") from BMO.

8. In or about May, 2009, Plaintiff paid off the subject debt.

9. On May 5, 2017, Plaintiff filed a Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois.

10. On July 25, 2018, the Bankruptcy Court granted Plaintiff a discharge.

11. On or about September 28, 2018, in an effort to ensure that all discharged debt, and all other debts were reporting accurately, Plaintiff pulled his Credit Karma Credit Report provided by Equifax.

12. Plaintiff was shocked to discover that Defendants were misreporting the subject debt that had been paid and closed eight years before Plaintiff filed his bankruptcy.

13. Specifically, Plaintiff discovered that Defendants were misreporting the subject debt with a monthly payment amount of $440.

14. The reporting of the subject debt was inaccurate, incomplete, and misleading because the subject debt was paid and closed in or about May, 2009, and had no scheduled monthly payment amount.

### *Plaintiff's Dispute Letter to Equifax*

15. On or about October 9, 2018, Plaintiff sent a written credit dispute letter to Equifax requesting that his credit files be reviewed and updated to accurately reflect the subject debt.

16. Plaintiff's dispute letter stated, in relevant part, as follows:

> "I have reviewed my credit reports and have found that several accounts are reporting inaccurate information:
>
> 1) *BMO Harris – The monthly payment should say zero*
> 2) ( . . . .)
>
> I want you to investigate. . . the above accounts and contact them separately to update their information. The balance, account status, Monthly payment, payment history, Payment status, past due amounts, and remarks are all wrongs and needs [sic] to be updated to reflect a zero in the balance, a zero in the past due amount, and a *zero in the monthly payment* and update all related information for the above accounts. ( . . . .) ( . . . .) Please note that I am no longer liable for these above accounts and I demand that my credit reports reflect the same. Please send my dispute letter and the enclosures to each of the creditor listed above"[1]

17. Plaintiff mailed the dispute letter with all relevant information to Equifax.

18. Upon information and belief, BMO received notice of Plaintiff's dispute letter and all relevant information from Equifax within five days of Equifax receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

---

[1] Plaintiff mailed identical written dispute letters to Experian and TransUnion, but those credit reports were corrected.

*Equifax's Failure to Correct Inaccurate Reporting in Plaintiff's Credit File*

19. On October 24, 2018, Equifax responded to Plaintiff's dispute, but without correcting the subject account.

20. The Equifax response revealed that subject account was now reporting as follows:

| Bmo Harris Bank N.A. | Attn Central Loan Utility PO Box 755 Chicago IL 60690-0755 : (312) 461-7117 | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | | Months Revd | Activity Designator | | Creditor Classification | |
| 990112* | 05/01/2004 | $23,306 | $0 | 60 | Monthly | | 61 | Paid and Closed | | | |
| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
| 07/01/2009 | $0 | $0 | 05/2009 | $0 | $440 | | 05/2009 | | $0 | | $0 | | 05/2009 |
| Status | Type of Account | | Type of Loan | | | Whose Account | | | Portfolio Indicator | | Portfolio Status | | |
| Pays As Agreed | Installment | | Auto | | | Joint Account | | | | | | | |
| ADDITIONAL INFORMATION: | | | | | | | | | | | | | |
| Account Closed At Consumers Request | | | | | | | | | | | | | |
| Closed or Paid Account/Zero Balance | | | | | | | | | | | | | |

21. Despite Plaintiff's specific dispute, Equifax and BMO were now reporting the BMO trade line with "Scheduled Payment Amount" of $440.

22. The reporting of the BMO trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is still obligated to pay a scheduled monthly payment. The subject debt was actually paid and closed in or about May, 2009.

## IMPACT OF CONTINUING INCORRECT INFORMATION IN PLAINTIFF'S CREDIT FILE

31. The reporting of the BMO trade line is inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is still responsible for and obligated to pay the scheduled payment amount. The subject debt was paid and closed in or about May, 2009.

32. As of today, the erroneous reporting by Equifax of the BMO trade line continues to paint a false and damaging image of Plaintiff. Equifax and BMO have yet to update the trade line to accurately reflect the subject loan account with a $0 scheduled payment amount.

33. The entire experience has imposed upon Plaintiff significant distrust, frustration, and distress.

34. The inaccurate and incomplete reporting of the BMO trade line continues to have adverse effects on Plaintiff's credit rating because it creates a false impression that the Plaintiff is still obligated to pay on the subject loan account.

35. As a result of the conduct, actions, and inaction of each Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit opportunity, wasted time tracking the status of his dispute, mail expenses, pulling and paying for credit reports to check whether the credit reporting errors were corrected, and mental and emotional pain and suffering.

36. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting of the BMO trade line.

<u>COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT</u>
(AGAINST BMO HARRIS BANK, N.A.)

37. Plaintiff restates and re-alleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "consumer" as the term is defined under 15 U.S.C. §§1681a(c) and (b).

39. BMO is a "person" as defined by 15 U.S.C. §1681a(b).

40. BMO is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

41. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

42. BMO violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Equifax and Plaintiff.

43. Had BMO reviewed the information provided by Equifax and Plaintiff, it should have then corrected the inaccurate designation of the BMO trade line and transmitted the correct

information to Equifax. Instead, BMO wrongfully and erroneously verified its inaccurate reporting without conducting a reasonable investigation.

44. BMO violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's dispute to Equifax.

45. BMO violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Plaintiff's credit files. Instead, BMO continued to report the inaccurate, incomplete, and misleading information in Plaintiff's credit files after receiving Plaintiff's detailed dispute.

46. BMO failed to conduct a reasonable reinvestigation of its reporting of the BMO trade line or delete the inaccurate reporting from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's disputes from Equifax under 15 U.S.C. §1681i(a)(1).

47. BMO violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

48. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, BMO did not correct the errors or trade line to report accurately. Instead, BMO wrongfully re-reported, furnished, and re-furnished false, erroneous, and misleading information, after Plaintiff's dispute, to one or more third parties.

49. A reasonable investigation by BMO would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported in Plaintiff's Equifax credit files.

50. Had BMO taken steps to investigate Plaintiff's valid disputes or Equifax's requests for investigation, it would have permanently corrected the erroneous credit reporting of the BMO trade line. Plaintiff provided all relevant information regarding his dispute in his requests for investigation.

51. By deviating from the standards established by the mortgage servicing industry and the FCRA, BMO acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

**WHEREFORE**, Plaintiff, CRAIG TOLAN, respectfully prays this Honorable Court for the following relief:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. An order directing BMO to immediately delete the inaccurate information from Plaintiff's credit reports and credit files;
   c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
   d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
   e. Award Plaintiff punitive damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
   f. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
   g. Award any other relief as this Honorable Court deems just and appropriate.

<u>**COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**</u>
(AGAINST EQUIFAX INFORMATION SERVICES, LLC)

52. Plaintiff restates and re-alleges paragraphs 1 through 36 as though fully set forth herein.

53. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

54. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

55. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

56. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

57. Plaintiff provided Equifax with all relevant information in his requests for investigation and reinvestigation to reflect that he paid off the subject loan.

58. Equifax prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the BMO trade line with erroneous information as described above, when, in fact, the subject loan was paid and closed, and Plaintiff was no longer financially obligated on the subject loan.

59. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished, and refurnished, as they related to Plaintiff. Equifax prepared patently false, incomplete, and a materially misleading consumer reports concerning Plaintiff. After Plaintiff's written detailed dispute, Equifax had actual knowledge that Plaintiff no longer owed any payments on the subject account. Nonetheless, Equifax wrongfully and repeatedly reported the BMO trade line with a scheduled monthly payment amount.

60. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate, and to then subsequently delete or correct the information in Plaintiff's credit file.

61. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to BMO. Upon information and belief, Equifax failed to include all relevant information as part of the notice to BMO regarding Plaintiff's dispute that Equifax received from Plaintiff.

62. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and BMO.

63. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's dispute.

64. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from BMO that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

65. Equifax knew that the inaccurate designation of the BMO trade line on Plaintiff's consumer reports as having a scheduled payment amount, after the loan was paid and closed, would have a significant adverse effect Plaintiff's creditworthiness.

66. Despite actual knowledge that Plaintiff's credit file contained erroneous information, Equifax readily sold Plaintiff's inaccurate, incomplete, and misleading report to one or more third parties, thereby misrepresenting facts about Plaintiff and, ultimately, each Plaintiff's creditworthiness.

67. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

68. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with reckless disregard for its duties to report accurate and complete consumer credit information.

69. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

70. Equifax's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's consumer files and reporting Plaintiff's credit information.

71. Equifax's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff.

WHEREFORE, Plaintiff, CRAIG TOLAN, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing Equifax to immediately delete the inaccurate information from Plaintiff's credit reports and credit files;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and
g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiffs demand a trial by jury.**

Dated:  January 31, 2019                               Respectfully Submitted,

                                                       /s/ Majdi Y. Hijazin

                                                       Majdi Y. Hijazin, *Of Counsel*
                                                       Counsel for Plaintiff
                                                       Sulaiman Law Group, Ltd.
                                                       2500 S. Highland Avenue, Suite 200
                                                       Lombard, IL 60148
                                                       Phone: (630) 575-8181
                                                       Fax: (630) 575-8188
                                                       mhijazin@hijazinlaw.com